**Peter A. Wald**
peter.wald@lw.com

505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Tel: +1.415.391.0600  Fax: +1.415.395.8095
www.lw.com

# LATHAM&WATKINS LLP

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Century City | Paris |
| Chicago | Riyadh |
| Dubai | San Diego |
| Düsseldorf | San Francisco |
| Frankfurt | Seoul |
| Hamburg | Shanghai |
| Hong Kong | Silicon Valley |
| Houston | Singapore |
| London | Tel Aviv |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |

January 30, 2023

<u>**VIA ELECTRONIC FILING**</u>

Mr. Lyle W. Cayce
Clerk of Court
U.S. Court of Appeals for the Fifth Circuit
F. Edward Hebert Federal Building
600 S. Maestri Place
New Orleans, LA 70130

     Re: Response to Rule 28(j) Letter of Supplemental Authority,
       <u>*Utah Retirement Systems v. McCollum, et al.*</u>, No. 21-20312

Dear Mr. Cayce:

  Defendants-Appellees submit this response to Plaintiff's letter regarding this Court's decision in *Oklahoma Firefighters Pension & Retirement System v. Six Flags Entertainment Corp.*, — F.4th —, 2023 WL 228268 (5th Cir. Jan. 18, 2023). *Six Flags* does not alter the outcome here.

  For starters, unlike the district court in *Six Flags*, the district court in this case did not "discount" Plaintiff's confidential witness allegations because of their "anonymity." *Id.* at *4-5. Rather, the district court correctly concluded—consistent with *Six Flags*—that the "*content* of the [confidential witness] allegations" failed to "establish the falsity of a statement" and a "strong inference of scienter." *Id.* at *5 n.10 (emphasis added); *see* Defendants-Appellees' Br. 16-18. And a comparison with *Six Flags* only reinforces those conclusions.

  The complaint in *Six Flags* contained "specific factual allegations" showing that "'concrete'" statements made by the defendants about "*present* construction progress" were false. 2023 WL 228268, at *7-9, *14. For example, defendants stated that the "parks are progressing nicely" when there had been "no meaningful progress on the parks" at all. *Id.* at *8-9. Plaintiff, by contrast, challenges cherry-picked statements describing Weatherford's recovery strategy by pointing to vague assertions from former employees who merely disagreed with that strategy. *See*

**LATHAM&WATKINS**LLP

Defendants-Appellees' Br. 22-41. And unlike the defendants in *Six Flags*, who "hid[] the true nature of the parks' construction progress" from investors, 2023 WL 228268, at *11, Defendants persistently and accurately disclosed Weatherford's financial condition, warned investors about the specific risks associated with its debt levels, and updated those warnings as market conditions changed. *See* Defendants-Appellees' Br. 5-13, 47-48.

Moreover, the defendants in *Six Flags* had a clear pecuniary and face-saving "motive" to conceal the lack of construction progress. 2023 WL 228268, at *10-11, *13. Plaintiff, by contrast, failed to allege any plausible motive in this case. *See* Defendants-Appellees' Br. 42-45. And Plaintiff's remaining allegations fail to create a strong inference of scienter—particularly in light of Defendants' robust market disclosures, which "belie[] a claim of scienter." *Id.* at 46-49 (quoting *Neiman v. Bulmahn*, 854 F.3d 741, 750 (5th Cir. 2017)). Nothing in *Six Flags* alters that analysis.

Respectfully submitted,

 */s/ Peter A. Wald*
Peter A. Wald
LATHAM & WATKINS LLP

*Counsel for Defendants-Appellees*

cc: Counsel of Record (via CM/ECF)